No. 752

CLEMENTS v. STATE

Ohio Appeals, 3rd Dist., Allen Co.

No. 424. Decided June 12, 1925

661. INTOXICATING LIQUORS—Sale of, to minor makes seller thereof guilty of contributing to delinquency of minor, regardless of the fact that he has previously been adjudged a delinquent child.

HUGHES, J.

Ruth Clements was convicted in the Allen Common Pleas of contributing to the delinquency of one Kenneth Helsel, a minor sixteen years of age. The act charged constituting the offense, was the selling of a pint of intoxicating liquor to said minor, who drank the same and became intoxicated on Feb. 3, 1924.

The state in making its case, introduced in evidence, over the objection of Clements, the journal of the probate court which showed that on Feb. 8, 1924, the said Kenneth Helsel was found guilty of being a delinquent child, having committed the act or acts as charged in the complaint filed against him; but that part of the probate record setting forth the act or acts charged, was not in evidence and the evidence in this case does not show what act or acts he was charged with. The Court of Appeals held:

1. If the acts charged against the minor in the probate court were related to or were the same acts of delinquency contributed to by Clements, there would be no question but that this record was proper evidence under the principle laid down in the 84 OS. 360. But in the absence of proof that the acts of delinquency were the same or were such acts as were contributed to by Clements as charged in the affidavit against her, it was error to admit this journal in evidence against her in this case.

2. However, the offense charged against the defendant was in selling intoxicating liquor to a minor. This was the sole and only issue presented to the jury for determination, and when the jury found the defendant guilty of selling the intoxicating liquor to the minor, which in itself, would constitute contributing to the delinquency of a minor, it was as far as the jury need go or could go in this case.

3. In other words, the fact as to whether or not the minor was afterwards adjudged a delinquent was an immaterial fact in this case because if the defendant was found guilty of selling the intoxicating liquor which she had to be found guilty of before she could be convicted under the affidavit herein, she was also necessarily guilty of contributing to the delinquency of the minor child because the child thereby became an unlawful purchaser of intoxicating liquor which in itself made him a delinquent child.

4. Under these circumstances, it was not prejudicial error and the judgment should be affirmed. Judgment affirmed.

Attorneys—C. J. Brotherton for Clements; C. W. Long for State; both of Lima.