STATE, Plaintiff-Appellee, v. GRIFFIN, Defendant-Appellant.

Ohio Appeals, Second District, Champaign County.

No. 127.   Decided January 24, 1952.

Richard P. Faulkner, Pros. Atty., Urbana, for plaintiff-appellee.

Harvey Crow, St. Paris, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of the State by the Prosecuting Attorney

"to vacate an entry of this Court of date November 15, 1951, ordering a stay of execution of sentence of the Juvenile Court of Champaign County, Ohio, in Case No. 725, State of Ohio v. Harold Griffin, upon said defendant giving bond in the sum of $2000.00 pending appeal; and further moves the Court to vacate the bond given in pursuance to said above described order and to remand the defendant to proper custody for the execution of sentence of the said Juvenile Court; for the reason that no appeal has been perfected in said proceedings by the defendant, and more than thirty (30) days has elapsed since the entry of judgment and sentence of the said Juvenile Court."

From the transcript of docket and journal entries the following material filings and facts appear. Defendant-appellant was charged with encouraging and contributing to the neglect of a minor child. After a plea of not guilty, the jury was impaneled and sworn, cause tried and the jury on the 9th of October, 1951, returned a verdict of guilty as charged in the complaint. October 11, 1951, Motion for new trial. October 24, 1951, Motion for new trial overruled. On the 26th of October, 1951, defendant filed his notice of appeal with the Trial Court from a judgment returned by the Juvenile Court October 24, 1951. On the 8th of November, 1951, the defendant was sentenced to pay a fine of $500.00 and costs and to serve one year in the workhouse in the City of Columbus, Ohio. On the 26th of October, 1951, appellant filed in the Court of Appeals for Champaign County, a motion reciting that

"he has this day filed a notice of appeal in the Juvenile Court of Champaign County, Ohio and desires to appeal to the Court of Appeals from the judgment rendered by the Juvenile Court and requests the permission of the Court of Appeals to file said proceedings in the Court of Appeals."

Notice of this motion was filed upon the Prosecuting Attorney of Champaign County. On the same date, defendant filed a motion in the Appellate Court, Champaign County, asking a reduction of the bond of defendant as fixed by the Juvenile Court and this motion was sustained and the bond reduced to $2000.00. The Prosecuting Attorney did not appear nor object to the reduction of the bond.

It will be noted that at the time the orders were made in the Court of Appeals no sentence had been imposed upon the defendant on the verdict of the jury although the motion for new trial probably had been overruled.

The Prosecuting Attorney claims that no appeal has been perfected and that, therefore, the orders of the Court of Appeals are without effect and should be set aside. Counsel for the appellant contends that the notice of appeal and the copy thereof served upon the Prosecuting Attorney was sufficient notice of defendant's purpose to appeal continuing subsequent to the sentence and judgment; that under the broad power of the Court of Appeals to permit an amendment to a notice of appeal defendant's motion to so amend, which he has filed, should be sustained. In support of this claim **Couk, et al v. The Ocean Accident & Guarantee Corp., Ltd., 138 Oh St 110** is cited. It is urged that the action of this Court of Appeals in granting the defendant leave to appeal meets the requirement of the statute and finally that appellee having filed its brief on the merits in answer to appellant's brief in this Court has conceded that the appeal was perfected.

**Sec. 13459-1 GC** defines what judgment in a criminal case may be reviewed. The language in so far as is pertinent reads,

"In a criminal case, * * *; a judgment or final order of a Court or officer inferior to the Court of Appeals may be reversed in the Court of Appeals;"

and the proceedings to review are defined in §13459-3 GC in this language,

"The proceedings to review such **judgment or final order**, shall be by appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the appellate court where leave to appeal must be obtained." (Emphasis ours.)

In the procedure on appeal in civil cases §12223-3 GC provides that,

"Every final order, judgment or decree of a court and, * * * may be reviewed as hereinafter provided"

and §12223-5 GC provides that,

"The notice of appeal shall designate the order, judgment, or decree appealed from"

This section also provides that,

"the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

Sec. 12223-4 GC provides that,

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, * * *. Where leave to appeal must first be obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

It is manifest from the foregoing provisions of the Code that an appeal lies only from a judgment or final order and that an appeal is perfected by the filing of the requisite notice which confers jurisdiction upon the reviewing Court.

A verdict of a jury is not a judgment or final order. In a criminal case the sentence is the judgment of the Court. Until it is pronounced, there is no final order because the Court may sustain a motion for new trial or some other motion which would preclude the pronouncement of the judgment of sentence. Unfortunately for the defendant in this case, at the time that he served his notice of appeal, there was no judgment and his notice could not properly refer to any final order. When the bond was reduced the judgment had been pronounced but there had been no new notice of appeal filed.

In the cases of Couk, et al v. The Ocean Accident & Guarantee Corp. Ltd., supra and the case of **Mosey v. Hiestand, Trustee, 138 Oh St 249,** a case appealed from this Court and reversed upon the authority of the Couk case, the notices of appeal were filed subsequent to a judgment. In the former case the date of the final order was improperly stated and in the Hiestand case the final order to which reference was made was of the date that the motion for new trial was overruled. While these cases afford support for the claim that the reviewing court has the widest discretion in permitting an amendment to a notice of appeal where at the time it was filed a final judgment had been entered they are not

authority for the right to amend a notice of appeal given when there was no judgment or final order to which it could be directed. At the time the notice of appeal was filed in this case there was no basis for an appeal—nothing to which it could apply. It was a nullity and cannot be recognized for the purpose of an amendment.

Without a proper notice of appeal filed in the trial court and directed to a judgment of that court, no appeal can be effected and no jurisdiction vested in the reviewing court. This is the situation developed in this case and the orders of this court, though made upon the supposition that an appeal pended, were made without jurisdiction and therefore were void.

The motion of the State must be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## APPEAL ON QUESTIONS OF LAW

No. 127. Decided April 15, 1952.

124

**OPINION**

By WISEMAN, J:

This is an appeal on questions of law from the judgment of the Juvenile Court of Champaign County. Defendant was charged with encouraging and contributing to the neglect or dependency of James Robert Dunlap, a minor two years of age. The jury returned a verdict of guilty on which the Court entered judgment and pronounced sentence.

Defendant-Appellant assigns eleven separate grounds of error. First, the defendant contends that the affidavit does not charge an offense. The essential parts of the affidavit are as follows:

"On or about the 1st day of July 1951, and since that time in July, August and September, 1951, in the County of Champaign aforesaid, one Harold Griffin, residing at Springfield, Ohio did encourage and contribute toward the neglect or dependency of the following child, to-wit:

"James Robert Dunlap, age two years, in that he, the said Harold Griffin, encouraged and contributed to the lack of proper parental care due to the faults and habits of the mother of said child, namely, Martha Dunlap, and the neglect by

the said mother of the care necessary for its health, morals and well-being; and encouraged and contributed toward conditions and environment such as to warrant the state, in the interests of said child in assuming its guardianship;

"contrary to the statute in such case made and provided and against the peace and dignity of The State of Ohio."

The affidavit charged an offense under the provisions of §1639-45 GC, which provides that whoever encourages or contributes toward the dependency or neglect of a child shall be fined etc. **Sec. 13437-34 GC,** as amended effective August 23, 1945 in part provides: "The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to the service thereof shall apply to such affidavits and warrants issued thereon." **Sec. 13437-4 GC** provides:

"In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. **It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.**" (Emphasis ours.)

In our opinion these statutory provisions are applicable to this proceeding. It was sufficient to charge the offense in the language of the statute. **Sec. 1639-3 GC** defines "neglected child" to be any child "2. **Who lacks proper parental care by reason of the faults or habits of its parents,** guardian or custodian." (Emphasis ours.)

The affidavit charged that the defendant encouraged and contributed "to the lack of proper parental care due to the faults and habits of the mother of said child." **Sec. 1639-4 GC** defines "dependent child" to be any child: "3. Whose condition or environment is such as to warrant the state, in the interest of the child, in assuming its guardianship." The affidavit charged that the defendant encouraged and contributed "toward conditions and environment such as to warrant the state, in the interest of said child in assuming its guardianship." In our opinion the affidavit was sufficient to give the accused notice of the offense of which he was charged.

In support of his contention that the affidavit failed to charge an offense by omitting to allege facts which constituted neglect or dependency and the failure to allege that said

child was a neglected or dependent child, the appellant cites the following cases; **Edmonds v. State, 30 Oh Ap 195; Peefer v. State, 42 Oh Ap 276; State v. Krauss, 81 Oh Ap 453, and State v. Zaras, 81 Oh Ap 152.** The first three cases cited were decided prior to the amendment of §13437-34 GC, which became effective August 23, 1945. The Peefer and Krauss cases are distinguishable from the instant case on other grounds. In the case of State v. Zaras, the affidavit did not charge an offense in the words of the statute, or allege facts which constituted an offense under the statute. In the instant case the affidavit sufficiently charged an offense in the words of the statute, which is permissible under §13437-34 GC. **State v. Yudick, 155 Oh St 269; City of Columbus v. Highsmith, 85 Oh Ap 149.** If seasonably requested, the Prosecuting Attorney could have been required to furnish a bill of particulars. **Sec. 13437-6 GC.**

It was not essential to expressly allege in the affidavit that the child was a "neglected" or "dependent" child. **Fisher v. State, 84 Oh St 360; State v. Van Horn, 32 Abs 406.**

It is contended that there is no proof that the child was a neglected or dependent child and that, therefore, the defendant could not be guilty of encouraging or contributing toward the neglect or dependency of said child. The Prosecuting Attorney presented as evidence over the objection of the defendant the record of a separate proceeding in the same court in which the child was adjudged to be a neglected and dependent child. The claim is made that with the exception of the court record in the other proceeding which involved the same acts of misconduct, there is no proof to support the verdict and judgment. After the close of the State's case, the defendant moved for a directed verdict which was overruled, and then rested. Thus, the case went to the jury on the evidence presented by the State. The principal witness for the State was the mother of the child who testified that she and the defendant, who was not her husband, over a period of several months immediately prior to the institution of this proceeding, have engaged in illicit sexual relations which occurred in the presence of the child. It was incumbent upon the state to prove the child to be a neglected or dependent child and we are of the opinion there was sufficient competent evidence to prove the child to be neglected or dependent within the meaning of the statute. The case at bar is distinguishable from **State v. Hannawalt, 26 Abs 641** where the complaint not only charged "contributing to the delinquency" but, also, "acting in a manner tending to contribute to the delinquency."

It is not a prerequisite that the child be adjudicated as a neglected, dependent or delinquent child in a separate proceeding before a charge of contributing toward such neglect, dependency or delinquency of such child can be maintained. **State v. Zaras, 81 Oh Ap 152, 155; Anss v. State, 16 Oh Ap, 502, 504; State v. Van Horn, 32 Abs 406, 408; Clements v. State, 3 Abs, 541.** However, in this case it is contended that the admission of the court record in the separate proceeding constituted reversible error. In our opinion, the introduction of the court record in the separate proceeding was not erroneous. **Fisher v. State, 84 Oh St 360, 369; Anss v. State, 16 Oh Ap, 502, 504; Clements v. State, 3 Abs, 541.** However, if the admission of the record was erroneous, we cannot say it was prejudicially erroneous. In the absence of the record, there was sufficient undisputed competent evidence to support the verdict. There was no conflict in the evidence to be resolved by the jury. The defendant presented no evidence. The admission of incompetent evidence does not constitute reversible error unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby. **Sec. 13449-5 GC; State v. Hickman, 77 Oh Ap 479; State v. Fouts, 79 Oh Ap 255.**

We find no prejudicial error in the admission of evidence; neither do we find that the court committed prejudicial error in its charge to the jury.

Failure to read the definition of "reasonable doubt" as set forth in §13442-3 GC, does not constitute reversible error where the Court's charge on reasonable doubt is substantially in accordance with the definition set forth in that section. Although, the Court's charge on reasonable doubt was not in the language of the statute, we are of the opinion that there was substantial compliance. **Beck v. State, 129 Oh St 582; Youngstown v. Ponikwa, 54 Abs 510.** The failure to give in the charge of statutory definition of "neglected child" or "dependent child" was an error of omission and not commission, and does not constitute reversible error. If the charge as given is correct and not misleading the failure to charge on some aspect of the case is not reversible error unless the Court's attention was seasonably called to the omission and specific instructions requested and refused. **Rhoades v. City of Cleveland, 157 Oh St 107; State v. Tudor, 154 Oh St 249; Bachman v. Ambos, 83 Oh Ap 141; Kleinhans v. American Gauge Co., 83 Oh Ap 453; Vol. 39 O. Jur., Page 1006 et seq., Section 297.** In the instant case the complaint sets forth in the words of the statute the acts of which the defendant was charged. This complaint was read to the jury, which was followed by an instruction that before the jury could find the

defendant guilty, the state must prove beyond a reasonable doubt the allegations in the complaint to be true. The charge as given was correct and not misleading to the jury.

In our opinion, prejudicial error was not committed in sending copy of the Court's charge to the jury room. **Sec. 13442-8 GC,** expressly provides that "Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict etc."

We find no error committed in refusing to direct a verdict for the defendant, in overruling defendant's motion to dismiss; neither do we find the verdict to be against the manifest weight of the evidence or contrary to law.

In the trial of almost all cases of some consequence errors are committed, but a reviewing court is required to disregard any errors unless the accused is mislead or prejudiced thereby, or unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby, or was prevented from having a fair trial, §13449-5 **GC.**

After an examination of the entire record and a careful consideration of the errors assigned, we find no error assigned well made. We are of the opinion that the defendant has had a fair trial and that justice has been done.

Judgment affirmed.

HORNBECK, PJ, MILLER, J, concur.

## ON MOTION TO CERTIFY

No. 127. Decided June 10, 1952.

### OPINION

By THE COURT:

Submitted on motion to certify on the ground that the judgment of this Court is in conflict with the judgment in the case of **State v. Zaras, 81 Oh Ap 152.** In our original opinion we distinguished the case of State v. Zaras and do not believe that there is a conflict in the judgments.

Motion overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.