THE STATE OF OHIO, APPELLEE, *v.* COLE, APPELLANT.

(No. CA-463—Decided December 30, 1982.)

*Mr. Ronald C. Carey,* prosecuting attorney, and *Mr. Gordon Rose,* for appellee.

*Mr. Timothy S. Chappars,* county public defender, for appellant.

*Per Curiam.* This cause came to be heard upon an appeal from the Court of Common Pleas, Juvenile Division, of Clinton County.

Appellant, Larry Cole, an adult male, was charged with a violation of R.C. 2151.41, contributing to the unruliness of a child. The testimony at trial indicated that appellant had had a dating relationship with one Shaun Thompson, contrary to the wishes of Shaun's mother. On September 1, 1981, Shaun, age fourteen, went to appellant's house, took a shower with him and had sexual intercourse with him. Shaun's mother, Flora Garrison, found Shaun at appellant's house at about 4:00 a.m. Flora Garrison filed charges against appellant based upon this incident.

Appellant was convicted of violating R.C. 2151.41 after a trial by jury. He was sentenced to six months in jail and a $1,000 fine. From that conviction and sentence appellant brings a timely appeal to this court.

Appellant's first assignment of error is as follows:

"The trial court erred to the prejudice of defendant in sustaining objections raised by the state to questions asked by the defense on cross-examination of Shaun Thompson concerning other incidences of her sexual behavior."

As indicated by the assignment of error, the trial court refused to allow defense counsel to inquire into the sexual conduct of Shaun except on the date of the alleged offense. The basis of the trial court's ruling seems to have been relevancy. Appellant argues that the inquiry was relevant for the following purposes: (1) impeaching Shaun, (2) establishing that Shaun was not "unruly," and (3) establishing that appellant did not contribute to any such unruliness. We disagree.

The sexual conduct of Shaun other than on the night in question is not a proper basis for impeachment. Such an inquiry is not relevant to her propensity for veracity. Such an inquiry is often considered relevant in rape cases, within the limits prescribed by the "shield provisions" of the Revised Code. See R.C. 2907.02. Nevertheless, in this case consent is not an issue and so the inquiry was not relevant for impeachment.

We further hold that the inquiry into Shaun's other sexual conduct was not relevant for any other purpose. It is clear that regardless of whether Shaun was a delinquent or unruly child, appellant could be properly convicted of acting "in a way tending to cause delinquency or unruliness in such child." R.C. 2151.41. The assignment of error is overruled.

Appellant's second assignment of error is as follows:

"The trial court erred to the prejudice of defendant on failing to give a written instruction requested by defendant."

Appellant's requested instruction was to the effect that appellant was guilty of the offense charged only if he acted "recklessly." Appellant relies upon R.C. 2901.21(B) which reads as follows:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose

strict liability, recklessness is sufficient culpability to commit the offense."

We hold that the trial court properly refused to give the requested instruction. R.C. 2151.41 plainly indicates a purpose to impose strict criminal liability. It is intended to protect children regardless of the mental state of adults who may have dealings with them. This holding is consistent with prior Ohio law. See *State* v. *Hannawalt* (App. 1938), 26 Ohio Law Abs. 641; 33 Ohio Jurisprudence 2d 187 (1976), Juvenile Courts, Section 195. The assignment of error is overruled.

Appellant's third assignment of error is as follows:

"The trial court erred to the prejudice of defendant in assessing the maximum jail sentence and a fine."

Appellant argues that the trial court failed to consider the factors given in R.C. 2929.22 when it sentenced appellant to the maximum allowable punishment for a first degree misdemeanor.

Generally a court of appeals will not review the trial court's exercise of discretion in sentencing so long as the sentence is within the statutory limits. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13]. But, where the trial court does not consider the factors enumerated at R.C. 2929.22 when imposing sentence for a misdemeanor, such constitutes an abuse of discretion. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137].

In the case at bar, unlike the situation in *Clardy, supra,* the sentence was not clearly inappropriate to the seriousness of the offense and so we cannot say, in the face of a silent record, that the trial court did not consider the proper factors.

As to the fine imposed, we cannot say that such constituted an abuse of discretion where no time limit was imposed by the court for payment of the fine. This is in contrast to the situation presented in *Scott* v. *Jeffers* (1978), 57 Ohio App. 2d 107 [11 O.O.3d 101], wherein the trial court was held to have abused its discre-

tion in imposing a fine of $500 against an indigent defendant and allowing only thirty days to pay. The assignment of error is overruled.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.