OPINION
Oscar D. Mitchell, Jr. is appealing from the sentences imposed upon him by the Second District Court of Montgomery County, Ohio, following his plea of guilty to two counts of domestic violence, one count of aggravated menacing, one count of child endangering, and one count of violation of a previously imposed temporary protective order (TPO).
Mitchell's actions which led to the charges against him occurred on the evening of February 5, 1998, during which he committed domestic violence and other outright threats of death against his wife. One of his family members had already called 911, and Mitchell grabbed away the telephone but left the line open by mistake, and his entire horrifying tirade was recorded, and the transcript of it is before this court on appeal. The tape recording clearly presents Mitchell as a cruel, violent, and deadly threatening individual. In addition, he has a record of domestic violence with previous partners. He entered his plea bargain and pled guilty on June 23, 1998, and was sentenced for the misdemeanor charges on July 28, 1998. On each of the original charges he was sentenced to 180 days, but given credit for two days he already served and an additional 180 day sentence for violation of the TPO, to be served consecutively.
In the meantime, Mitchell was arrested on July 12, 1998, on charges of aggravated murder and burglary. He subsequently entered a plea agreement whereby he pled guilty to murdering his wife in front of his minor children. As part of the plea agreement, he waived his right to appeal. This court subsequently allowed him to file an appeal for the purpose of considering the effect of his waiver. We found his waiver to be valid and enforceable, and thus dismissed the appeal. State v. Mitchell (Apr. 28, 2000), Montgomery App. No. 17763, unreported. The current appeal involves only the misdemeanor charges to which he had already pled guilty prior to the act of murdering his wife. Mitchell asserts the following three assignments of error in this appeal:
 1. THE TRIAL COURT ERRED IN FAILING TO IMPOSE THE SHORTEST TERM OF INCARCERATION AUTHORIZED FOR APPELLANT'S OFFENSE, AS THE RECORD DOES NOT SUPPORT THE IMPOSITION OF A LONGER SENTENCE.
 2. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PRODUCE A STATUTORILY MANDAGED [sic] RECORD OF ITS FINDINGS SUFFICIENT TO DEMONSTRATE THAT SENTENCING GUIDELINES WERE FOLLOWED.
 3. THE TRIAL COURT ERRED IN IMPOSING AN EXCESSIVE SENTENCE, UNSUPPORTED BY CLEAR AND CONVINCING EVIDENCE FROM THE RECORD.
Initially, we fail to understand the importance of appealing the 180 day sentences since Mitchell was already sentenced to life imprisonment for his felony convictions. Nevertheless, we have been duly requested to review the misdemeanor sentences, and we shall do so.
In Mitchell's first two assignments of error, he argues that the trial court failed to comply with the sentencing procedures and factors to be considered by the court as set forth in R.C. 2929.11 — R.C. 2929.14, but, as appellee has pointed out, these are sections governing sentencing for felonies, not misdemeanors. Misdemeanor sentencing is governed by R.C. 2929.22, which does not require either the shortest possible prison term if the offender has not previously served a prison term, nor does it require a record of the court's finding sufficient to demonstrate that the sentencing guidelines were followed.
As to the third assignment of error, we find that the sentences imposed were well within the parameters of the statute and were clearly appropriate due to the heinous nature of Mitchell's acts and threats of deaths, including violations of the previously imposed temporary protection order. It has been held that where the maximum sentence imposed for a misdemeanor was not clearly inappropriate to the seriousness of the offense, it cannot be said that the trial court did not consider the proper factors enumerated in R.C. 2929.22 when imposing sentence. State v. Cole (1982), 8 Ohio App.3d 416 . Moreover, the Supreme Court of Ohio has held that "a silent record raises the presumption that a trial court considered the factors contained in [the sentencing statute]." State v. Adams (1988), 37 Ohio St.3d 295, paragraph 3 of the syllabus. R.C. 2929.22(B) actually lists the following factors to be considered in favor of imposing imprisonment for a misdemeanor which are present in this case, to-wit: that the offender is a repeat or dangerous offender, and that some of the victims were minor children. We find that the misdemeanors committed by Mitchell against his family victims, one of whom he subsequently murdered, clearly justified the imposition of the maximum sentences in this case. We have held that appellate courts should not disturb sentencing decisions of the trial courts unless there is a clear abuse of discretion. Miamisburg v. Smith (1982), 5 Ohio App.3d 109.
We find no abuse of discretion by the trial court in this case. The three assignments of error are overruled, and the judgment is affirmed.
 _______________________ FREDERICK N. YOUNG, J.
WOLFF, P.J. and GRADY, J., concur.