OPINION
David M. Hendricks is appealing from his conviction of assault, that is, knowingly causing physical harm to another, a misdemeanor of the first degree, and was sentenced the maximum of 180 days in jail and a $1,000 fine, imposed by the trial court after a bench trial.
The assault occurred on the grounds of the Dayton Country Club where a group of teenagers had gathered on the evening of March 2, 2001. Mr. Hendricks was part of a teenage brawl that occurred there. He admitted on the witness stand that he "was being obnoxious and annoying and that started the fight with me and Colin and Errol and Paul David Radwaugh." Tr. 75. He did not deny hitting the victim, Molly Blake, on her left cheek, but argued that it was an accident, and he thought it was going to be Colin that he was going to hit and not Molly. Tr. 77. Molly, however, testified that:
 A. A right [sic] had broken out between a bunch of boys and uh, that had got my attention over in the direction of where they were fighting. And after the fight had stopped I walked over to him and I told him to go home, he was already in enough trouble. And he looked at me and swung back with a closed fist and hit me in the left side of the cheek.
Q. Okay. And uh, what happened when he hit you?
A. I fell back to the ground.
Q. So you were knocked to the ground?
A. Yes.
Q. Did it hurt?
A. Yes it did.
Q. Did it hurt a lot?
A. Yeah.
Q. Did it end up going into a bruise?
A. Yes it did.
Tr. 8-9.
She further testified that Hendricks looked directly at her and swung his arm back like a pitcher with a ball and forward hitting her in her cheek. Her testimony was corroborated in full by two other people who were there, Suzanne Payne (Tr. 36-39) and Rachael Annarino (Tr. 39-53). Mr. Hendricks' testimony was partially corroborated by a Heather Book who testified that the fight was still going on when Molly approached. Ms. Book testified that Hendricks was still on the ground and he got up and then she simply said "there were punches being thrown and she was hit in the face." Tr. 73.
In finding Hendricks guilty, the court stated that it was basing its conclusion on the demeanor and credibility "of each witness as he or she testified." Tr. 89. On appeal, the defendant brings us the following two assignments of error:
 1. THE TRIAL COURT ERRED IN ITS CONVICTION OF DEFENDANT-APPELLANT FOR ASSAULT.
 2. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FAILING TO CONSIDER THE REQUIREMENTS OF O.R.C. § 2929.22.
 With regard to the first assignment, the trial court explicitly based its decision on the credibility of the witnesses, and as we have stated many times, credibility is for the trier of the facts. See, e.g., City of Dayton v. Versic (Mar. 15, 1996), Montgomery App. No. 15223, unreported. Here again is another classic case of the trial judge being forced to choose between two conflicting sets of testimony. We will not disturb the choice made by the trier of the fact between witnesses and their conflicting testimonies unless it is so incredible that it defies belief. State v. Orleck (Dec. 7, 2001), Montgomery App. No. 18745, unreported. The Ohio Supreme Court has held that "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson (1993), 66 Ohio St.3d 610, 614. The trial court clearly found the testimony of Molly and her two friends credible and provided clear and convincing evidence that the defendant purposely hit Molly on her left cheek and physically damaged her. The first assignment of error is overruled.
In his second assignment of error, Hendricks contends that the trial court abused its discretion and committed reversible error by failing to consider the requirements of O.R.C. § 2929.22. The court clearly considered one of the criteria, the nature and circumstances of the offense, finding it "egregious" and it certainly considered also the character and condition of the offender in imposing the maximum fine and jail sentence because of defendant's "failure to accept or acknowledge the consequences of his action." Tr. 90. We do not find reversible error in the failure of the court to recite by rote the other words in R.C. 2929.22 regarding the risk the offender will commit another offense and need to protect the public and his need for correctional or rehabilitative treatment, since they arguably could be contained in the finding by the court that his conduct was egregious. If the record is silent as far as those unrecited criteria are concerned, it raises the presumption that the court correctly considered the appropriate sentencing criteria. State v. Adams (1988), 37 Ohio St.3d 295, syllabus 3. See also State v. Cole (1982), 8 Ohio App.3d 416.
Hendricks also argues that the court was in error to impose a fine without a hearing to consider the ability of the defendant to pay the maximum fine. However, no time limit was imposed for payment of the fine, and thus there is no abuse of the court's discretion. State v.Cole, supra.
The second assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and GRADY, J., concur.