THE STATE OF OHIO, APPELLEE, *v.*
MARTIN, APPELLANT.

(No. 9-122—Decided April 15, 1983.)

*Mr. Gregory Sasse,* assistant prosecuting attorney, for appellee.

*Mr. James K. Farrell,* for appellant.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Lake County, wherein, after a trial by jury, defendant was found guilty of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(5), a felony of the second degree; trafficking in marijuana in violation of R.C. 2925.03(A)(6), a felony of the third degree; trafficking in drugs in violation of R.C. 2925.03(A)(6), a felony of the third degree; drug abuse in violation of R.C. 2925.11, a felony of the fourth degree; drug abuse in violation of R.C. 2925.11, a misdemeanor of the third degree; and drug abuse in violation of R.C. 2925.11, a misdemeanor of the fourth degree.

The facts are not in dispute. Robert Shapiro, an undercover agent for the Lake County Narcotics Agency, purchased one packet of cocaine on three occasions in October 1981, from Lonnie Dyckes and John Jeffries. Jeffries stated to Shapiro that the cocaine was coming from his connection, Ronald E. Martin, Jr., the defendant, at 88 Prospect Street, Painesville.

On October 25, 1981, Shapiro arranged to buy one ounce of cocaine from Dyckes and Jeffries for $1,700 or $1,800. Dyckes and Jeffries picked up the defendant, and met Shapiro. Dyckes, Jeffries, and defendant were following Shapiro by automobile when they were stopped. About one ounce of cocaine was found in the vehicle under the floor mat.

Immediately subsequent to the above stop, the Painesville police secured a search warrant and searched the house at 88 Prospect Street. The search resulted in the seizure of the following: a marijuana cigarette; a box of papers and razor blades; two sets of weighing scales and a hanger for scales; a filter box which can be used to screen cocaine; a box of assorted drug paraphernalia; folding papers and a bottle with traces of green vegetable matter; plastic containers holding a lid, funnel, and razor blades with which to cut cocaine; another plastic container holding bottles, envelopes, and white powder residue; a strainer and weights for a scale; a bag containing more bags of green vegetable matter and bottles, plastic baggies and more cigarette papers; more baggies with green vegetable matter; marijuana pipes; 33.32 grams of hashish, and 147.1 grams of marijuana and 8.8 grams of marijuana seeds; a black bag containing four plastic bags of marijuana weighing 281.6 grams, 448.3 grams, 448.9 grams, and 448.6 grams, respectively; and a pink bag containing 10.8 grams of hashish in a bottle, two capsules of Sicorbarbital and nine capsules of Diazepem. The first two items were found in the living and dining rooms. The rest were found in the defendant's room.

The assignments of error are as follows:

"I. The court erred in admitting the hearsay statements which did not meet the requirements of Rule 801(D)(2)(e) of the Ohio Rules of Evidence.

"II. The court erred in overruling defendant's motion to suppress evidence seized from his residence on October 25, 1981, pursuant to a search warrant issued by Judge Gilbert T. Cave.

"III. The court erred in denying defendant's request to cross-examine Agent Shapiro regarding his report of the hearsay conversations between John Jenkins, Lonnie Dyckes, and himself.

These assignments of error are without merit.

### Assignment of Error No. I

Defendant, in his brief, makes an excellent analysis of the issue.

Evid. R. 801 states in pertinent part as follows:

"(D) A statement is not hearsay if: * * * (2) The statement is offered against a party and is * * * (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."

In Anderson's Ohio Evidence (1980), Part Two, Professors Blackmore and Weissenberger, in discussing Evid. R. 801(D)(2)(e), state, at page 120, as follows:

"Rule 801(D)(2)(e) also provides for vicarious admissions in the context of a statement by a co-conspirator of a party. The statement of a member of a conspiracy is attributed to the co-conspirator party against whom the statement is offered at trial. To utilize this exception, the proponent must establish there was a conspiracy, that both the declarant and the party against whom the statement is offered were members of the conspiracy, that the statement was made during the course of the conspiracy, and that the statement in fact, furthered or advanced the conspiracy."

Admissibility of an otherwise hearsay statement under Evid. R. 801(D)(2)(e) requires independent proof of conspiracy and a statement by a co-conspirator during the existence of the conspiracy. The key inquiries are: when does the conspiracy come into existence, the degree of proof necessary to show the conspiracy, and what is necessary to independently prove the conspiracy.

It is well-established in Ohio that before evidence or acts or declarations of co-conspirators are admissible against the accused, the conspiracy must be established *prima facie. Goins* v. *State* (1889), 46 Ohio St. 457, and *State* v. *Thomas* (1979), 61 Ohio St. 2d 223 [15 O.O.3d 234].

The burden of establishing the conspiracy *prima facie* must be met by the introduction of independent proof of the conspiracy rather than using the hearsay statements of the alleged co-conspirators. *State* v. *Carver* (1972), 30 Ohio St. 2d 280 [59 O.O.2d 343] and *Campbell* v. *United States* (C.A. 6, 1969), 415 F. 2d 356. The underlying rationale of the requirement of independent evidence is the fear that a defendant might be convicted solely on the basis of evidence which he has no opportunity to impeach or refute. Before statements of co-conspirators can be used against an alleged co-conspirator, there must be evidence *aliunde* to prove the co-conspiracy, *i.e.,* besides the declaration of conspirators, there must be evidence that a conspiracy existed. *Tatu* v. *State* (1932), 43 Ohio App. 68. This long-standing, independent evidence requirement has been included in Evid. R. 801(D)(2)(e). The obvious rationale for such a rule is to avoid allowing hearsay to lift itself by its own bootstraps to the level of competent evidence. Failure to meet the independent evidence requirements results in the lack of establishing the conspiracy *prima facie,* and therefore statements allegedly made during such conspiracy would be inadmissible.

In our opinion, the arrangement to purchase the ounce of cocaine, the arrival of defendant with Dyckes and Jeffries, and the existence of one ounce of cocaine hidden in the vehicle constitute the independent proof of the conspiracy.

In order for statements to be admissible under the co-conspirator rule, it is sufficient if the conspiracy is established by evidence making a *prima facie case* which fairly raises a *presumption* or an *inference* of conspiracy. *Hutchinson v. State* (1906), 8 Ohio C.C. (N.S.) 313, 18 Ohio C.D. 595. A *"prima facie* case" is one in which the evidence introduced is sufficient to support but not to compel a certain conclusion and which does no more than furnish evidence to be considered and weighed but not necessarily accepted by the trier of facts. *Cleveland* v. *Keah* (1952), 157 Ohio St. 331 [47 O.O. 195].

### Assignment of Error No. II

Defendant argues that the affidavit supporting the search warrant was hearsay and double-hearsay. In the within case, the judge was presented with a police affidavit which averred that the Lake County Narcotics Agency had purchased cocaine from Dyckes and Jeffries on three separate occasions and that these two individuals had informed narcotics agents that they had obtained their cocaine from the defendant. It further stated that a sale of cocaine had been arranged for October 25, 1981, and that Dyckes and Jeffries had informed the narcotics agent that the cocaine was located at 88 Prospect Street, the house of the defendant where the sale was to take place. Unquestionably, these facts constituted probable cause sufficient for the judge to issue a search warrant for the premises at 88 Prospect Street, where the sale was to take place. The affiant furnished the facts and underlying circumstances which led him to believe that cocaine was present in the defendant's house. The judge was able to review the facts and make his own independent determination of probable cause.

### Assignment of Error No. III

We have considered this assignment of error and find it is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and FORD, J., concur.