THE STATE OF OHIO, APPELLEE, *v.*
RIGGINS, APPELLANT.

(Nos. 51381 and 51419—Decided December 18, 1986.)

*John T. Corrigan,* prosecuting attorney, for appellee.
*Paul Mancino, Jr.,* for appellant.

ANN MCMANAMON, J. Anthony Riggins appeals his conviction for having a weapon while under disability in violation of R.C. 2923.13 with a firearm specification and a prior offense of violence specification after a jury trial in the common pleas court. Riggins raises thirteen assignments of error for our review.[1]

In his first assignment of error, Riggins contends that the trial court erred in overruling his motion to suppress evidence obtained as a result of an unlawful arrest.

Patrolman Michael White testified at a pre-trial suppression hearing that, while on routine patrol, he and his partner observed an automobile fail to observe a stop sign. Patrolman White told the court that he immediately activated his cruiser's overhead lights and siren, signaling the driver of the car, later identified as Douglas Pace, to stop. Pace ignored these signals, and a high-speed chase ensued for some distance. Patrolman White averred that, during the chase, he and his partner observed the passenger in the car, later identified as Anthony Riggins, lean out of the car and throw two guns from the window. The fleeing vehicle ultimately failed to negotiate a turn, hit a curb, and came to rest.

Patrolman White further testified that when he and Patrolman Baillis approached the car, the occupants attempted to flee. The policemen noticed that the car's "trunk was punched," and became suspicious that the vehicle

---

[1] See Appendix at 10.

was stolen. Patrolman White told the court that he placed Riggins under arrest, conducted a pat-down search of both men, and found four live .22 caliber pellets in Riggin's front pants pocket as well as one .38 caliber pellet in Pace's pocket. Two assisting police officers returned to the location where the guns reportedly had been jettisoned, and found a loaded .22 caliber gun as well as a loaded .38 caliber gun.

There were two discrepancies in Patrolman White's trial testimony. The officer told the court and jury that he saw Riggins throw one gun out of the window rather than two, and that the .22 caliber pellets were found in Riggins' pants pocket at the booking window, not at the scene of the arrest. Otherwise, Patrolman White's testimony was substantially corroborated by Patrolman Baillis. Patrolman White testified that he and his partner never lost sight of the fleeing car, which was only "a car length away" when they observed Riggins throw the gun out.

Prior to trial, defense counsel sought to exclude the four bullets seized from Riggin's pocket from evidence.

We find, based on the police officers' experience and the totality of the circumstances, including the traffic violation, a high-speed chase to elude police, Riggin's suspicious conduct in throwing the gun out of the window, and the damaged trunk lock, that the officers had probable cause to arrest the men and to conduct a subsequent pat-down search as a safety precaution incident to that arrest. Accordingly, any evidence seized pursuant to that arrest is admissible at trial.

The defendant's first assignment of error is not well-taken.

In his second assignment of error, Riggins contends that the trial court erred in refusing to permit the transcript of Patrolman White's prior testimony at the suppression hearing to be read to the jury at trial. Specifically, defense counsel sought to use White's prior statement that he seized the four bullets from defendant at the scene of the arrest to impeach his trial testimony that he found the bullets on defendant's person at the booking window.

Evid. R. 613 provides for the admission of a prior inconsistent statement for impeachment purposes. Where the prior statement was made under oath and in an adversary proceeding, it is admissible for its truth. Evid. R. 801(D)(1)(a). Evid. R. 613(B) requires that a witness be afforded an opportunity to explain or deny a prior inconsistent statement before extrinsic evidence of that statement is admissible. If a witness denies making the statement, a proper foundation has been laid, and the evidence does not relate to a collateral matter, extrinsic evidence is admissible. Evid. R. 613(B). See *Byomin* v. *Alvis* (1959), 169 Ohio St. 395, 8 O.O. 2d 420, 159 N.E. 2d 897. Whether to admit a prior inconsistent statement which is collateral to the issue being tried and pertinent only with respect to the credibility of a witness is a matter within the trial court's discretion. *Schwartz* v. *Wells* (1982), 5 Ohio App. 3d 1, 5 OBR 1, 449 N.E. 2d 9.

Patrolman White was asked on cross-examination whether he had stated at the suppression hearing that he found the bullets on defendant's person at the scene of the arrest. The police officer denied having made the prior statement. Counsel questioned the witness on the inconsistency but made no request at that time to have the transcript of the suppression hearing read into evidence, although a prior foundation had been laid. No such request was made until after the state had rested. At a side-bar conference, defense counsel read the witness's earlier testimony. The court agreed

4

there was a discrepancy in Patrolman White's testimony as to when the bullets were seized from Riggins, but stated that the discrepancy was immaterial to its ruling on the motion to suppress. Following the denial of defendant's Crim. R. 29 motion for acquittal, counsel entered an objection to the court's refusal to permit him to read the transcript from the earlier hearing to the jury.

We find that defendant's request to admit the extrinsic evidence was untimely. Further, even assuming *arguendo* that the trial court erred in excluding such evidence, the error is harmless. The inconsistency was collateral to the issue of defendant's culpability on the charged offense. In addition, the collateral matter rule does not preclude inquiry on cross-examination to test credibility, which we note was effectively conducted by defense counsel in this case. Finally, we note that Patrolman Baillis testified at trial that the bullets were found at the booking window, so the discrepancy was apparent to the jury. Accordingly, we find no abuse of discretion in the court's ruling. The defendant's second assignment of error is not well-taken.

In his third assignment of error Riggins contends that the trial court erred in granting the state's pretrial motion *in limine* excluding statements made to the police officers by co-defendant Douglas Pace at the time of his arrest. Pace was not present at trial nor was he subpoenaed as a witness.

Pace allegedly told police officers that Riggins threw marijuana from the car window. The state argued that the statement constituted hearsay, since Pace was "unavailable" to testify at trial. The court agreed. Defendant argues that the statement was admissible under Evid. R. 804(B)(3) as a statement against interest, or alternatively,

under Evid. R. 801(D)(2)(e) as an admission by a co-conspirator. We reject this position.

Evid. R. 804(B)(3) provides that a declaration against interest may be admitted into evidence as an exception to the hearsay rule if the declarant is unavailable; the statement so far tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he or she believed it to be true; and corroborating circumstances indicate its truthworthiness. A witness is unavailable if he "is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means." Evid. R. 804(A)(5). The burden of establishing unavailability rests on the party offering the evidence. See *State* v. *Smith* (1979), 58 Ohio St. 2d 344, 12 O.O. 3d 313, 390 N.E. 2d 778, vacated on other grounds (1980), 448 U.S. 902.

In the instant case, there was no showing that the declarant was unavailable. Thus, the statement was inadmissible as a statement against interest.

An admission of a party opponent is governed by Evid. R. 801(D)(2) as nonhearsay, and requires neither that the admission be against the party's interest, nor that the party be "unavailable" before the statement may be admitted. The rule provides for the admission of a co-conspirator's statement against an accused charged with conspiracy. Such statement must be made during the course of and in furtherance of the conspiracy, which must be established by independent evidence. *State* v. *Carver* (1972), 30 Ohio St. 2d 280, 59 O.O. 2d 343, 285 N.E. 2d 26; *State* v. *Martin* (1983), 9 Ohio App. 3d 150, 9 OBR 215, 458 N.E. 2d 898. In the instant case, no evidence was presented to establish the existence of a conspiracy.

Pace's statement, as transmitted by the police officers, constituted inadmissible hearsay and, since Pace was not called as a witness, was properly excluded.

The defendant's third assignment of error is not well-taken.

In his fourth assignment of error Riggins contends that the trial court's conduct denied him a fair trial in three respects. He posits that the trial court improperly (1) told the defendant prior to trial that the evidence against him was overwhelming; (2) asked the prosecutor before trial why he disclosed codefendant Pace's extrajudicial statement to the defendant at all and remarked that had the prosecutor not made the disclosure, defense counsel would neither have thought of nor asked about it; and (3) incorrectly stated, in the jury's presence, that Patrolman White testified at the suppression hearing that he saw defendant throw "a" gun, not "guns" out of the car window.

The Supreme Court has held that, in a jury trial, the court's oral participation must be limited scrupulously so that the court does not indicate to the jury its opinion of the evidence or credibility of the witnesses. *State, ex rel. Wise,* v. *Chand* (1970), 21 Ohio St. 2d 113, 119, 50 O.O. 2d 322, 325, 256 N.E. 2d 613, 617.

We find that the court's remarks in the instant case did not rise to the level of prejudicial error. The judge's comment that the evidence was overwhelming, and his remarks about Pace's statement were spoken out of the jury's presence. Further, the record reflects that Pace's statement was properly provided to defense counsel during discovery. Finally, while the record of the suppression hearing discloses that, in fact, Patrolman White testified that he observed defendant throw two guns out of the car window, the trial judge, in making his incorrect comment, was attempting to resolve a question for the jury. We hold that this clarification, although erroneous, was tangential to the ultimate determination before the jury.

The defendant's fourth assignment of error is not well-taken.

The defendant's fifth and sixth assignments of error raise identical questions and therefore will be consolidated for review. In these assigned errors Riggins contends that the trial court erred in permitting the jury to consider the prior-conviction-enhancing specification set forth in the indictment, pursuant to R.C. 2941.143, when he had requested the court to consider this matter. We agree.

The record reflects that after the jury was impanelled, defense counsel requested that the court neither read to the jury nor refer to the prior-offense-of-violence specification contained in the indictment. The court made no ruling on the request at that time. Following the suppression hearing, defense counsel renewed his request for bifurcation of the prior-offense-of-violence specification from the issue of whether a gun was involved in the commission of the charged offense, seeking to have the former tried to the court. In effect, the defendant sought to insulate the jury from any knowledge of the disability, thus limiting their decision to whether Riggins had unlawfully, purposely and knowingly acquired, carried or used a firearm. In overruling the request, the court in essence explained that the jury could not convict Riggins of having a weapon while under a disability without deciding whether a disability existed. The court ruled that, since defendant's prior offense of violence was an element of the substantive offense, the specification was admissible as part of the state's case in chief. Consequently, the prosecutor read the full indictment, including the prior-offense-of-

violence specification, to the jury during its opening statement. At the close of all the evidence, the court instructed the jury to consider the specifications.

R.C. 2941.143, effective July 1, 1983, altered the sentencing options available to a defendant. The statute permits the defendant to request, *inter alia,* that a specification alleging that the offender had previously been convicted of an offense of violence be resolved by the trial judge at a separate sentencing hearing in the event that the underlying charge is tried before a jury. However, the statute leaves open the question whether these specifications are elements of distinctly new substantive offenses, separate from the original underlying offense, or merely factors to be considered by the court when it imposes sentence.

In *State* v. *Gordon* (1971), 28 Ohio St. 2d 45, 47-48, 57 O.O. 2d 180, 181-182, 276 N.E. 2d 243, 244-245, the Supreme Court expressly rejected the argument that the existence of a prior conviction is relevant only for the purpose of enhanced punishment for the subsequent offense, and is not an element of the offense for which the accused is on trial. The *Gordon* court followed the general rule that on a charge of a second or subsequent offense, the question of a prior conviction becomes an essential element of the offense charged. As a result, the prior conviction must be specified in the indictment, and proved beyond a reasonable doubt before an enhanced punishment may be imposed.

Although in *Gordon* the prior conviction specification was an issue of fact to be determined by a jury, R.C. 2941.143 now grants the accused the option to have the sentencing specifications litigated in a separate sentencing hearing before the trial judge, leaving only the underlying charge for the jury's consideration. As one commentator has noted:

" * * * The new statutory option gives the defendant the right to split the fact finding responsibilities between the court and the jury; a procedure not normally employed in criminal cases.

"* * *

" * * * The underlying prejudice inherent in the use of prior convictions is the jury's propensity to convict based on the previous convictions instead of the weight of the evidence establishing the elements of the offense. The use of this type of evidence is also restricted because it jeopardizes the presumption of innocence and reduces the prosecution's burden to prove the substantive offense beyond a reasonable doubt. There can be little debate concerning the jury's ability to isolate their knowledge of the defendant's prior conviction while considering his guilt on the underlying substantive offense." (Footnotes omitted.) Guttenberg, Recent Changes in Ohio Sentencing Law: The Questions Left Unanswered (1983), 15 U. Tol. L. Rev. 35, 49-51.

Once Riggins opted for a bifurcated determination of the existence of the sentencing specifications, judicial discretion required severance of those counts in the indictment pursuant to R.C. 2941.143. We find the court's refusal to honor defendant's request to be error. See *State* v. *Watters* (1985), 27 Ohio App. 3d 186, 27 OBR 224, 500 N.E. 2d 312. However, we find the trial court's error to be harmless, in light of the overwhelming evidence of defendant's guilt.

Defendant's fifth and sixth assignments of error are well-taken.

In his seventh assignment of error Riggins argues the insufficiency of evidence to support his conviction for having a weapon while under disability since carrying a concealed weapon is not a felony of violence under the statute making it an offense to carry or use

a weapon while under indictment for or having been convicted of any felony of violence.

R.C. 2923.13(A)(2) provides:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

" * * *

"(2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony."

In *State* v. *McCain* (1976), 48 Ohio Misc. 13, 2 O.O. 3d 316, 357 N.E. 2d 420, the Court of Common Pleas of Montgomery County held that a prior felony conviction for carrying a concealed weapon constituted a felony of violence, even though the underlying conviction did not involve actual violence. The court reasoned that the legislative definition of "offense of violence" set forth in R.C. 2901.01(I) includes those offenses which involve a risk of serious physical harm, so that carrying a concealed weapon is properly classified as an offense of violence.

We are persuaded by this reasoning, and hold that the offense of carrying a concealed weapon is properly included as an offense of violence under R.C. 2923.13.

The defendant's seventh assignment of error is not well-taken.

In his eighth assignment of error Riggins contends that the prosecutor's misconduct denied him a fair trial.

Riggins initially argues that he was improperly cross-examined concerning the details of his 1983 conviction for carrying a concealed weapon. The court has discretion to prohibit questions which ask more than the name and the date of the offense, when the conviction is offered to impeach credibility only. *State* v. *Shields* (1984), 15 Ohio App. 3d 112, 114, 15 OBR 202, 204, 472 N.E. 2d 1110, 1113.

However, the present record reflects that the defendant volunteered much of the challenged testimony:

"Q. And it was your testimony, you never carry bullets, was that correct?

"MR. MANCINO: Objection.

"THE COURT: Overruled.

"A. That night I didn't carry bullets. In my past, yes. If you check my record, the gun case I had back in 1982, it was loaded with bullets.

"Q. In that same neighborhood, wasn't it?

"MR. MANCINO: Objection.

"THE COURT: Overruled.

"A It was on 107th and Superior."

Clearly, defense counsel has failed to demonstrate an abuse of the trial court's discretion.

Riggins next argues that the prosecutor's remarks during closing arguments denied him a fair trial. He points to the prosecutor's characterization of defense evidence as a "smokescreen," as well as the following remarks:

"Furthermore, remind yourselves when you are deliberating, that police officers are trained to look for guns. That is a police officer's great fear, especially in the city.

"MR. MANCINO: Objection.

"THE COURT: Sustained. The comment by counsel is ordered stricken as to the city.

"MR. PORTER: Let me simply say that police officers are always on the lookout for guns.

"MR. MANCINO: Objection.

"THE COURT: Overruled.

"MR. PORTER: And it is something that, you know, whether or not an object is a gun is something that a police officer is going to be very concerned about, especially at 1:00 at night."

The proper "test regarding prose-

cutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. * * *" State v. Smith (1984), 14 Ohio St. 3d 13, 14, 14 OBR 317, 318, 470 N.E. 2d 883, 885.

While the prosecutor's remarks go beyond the normal latitude permissible in closing argument, we are able to say beyond a reasonable doubt that the jury's verdict would have been the same without them. Accordingly, the defendant's eighth assignment is not well-taken.

In his ninth assignment of error, the defendant contends that the trial court erred in its instructions to the jury.

Riggins initially contends that the trial court erred in defining the terms "deadly weapon" and "dangerous ordnance" since these terms were inapplicable to the facts in issue.

The indictment charged that Riggins "unlawfully and purposely and knowingly acquired, had, carried or used a firearm or dangerous ordnance while being under indictment for or been convicted of a felony of violence, to-wit: carrying a concealed weapon and robbery." The indictment was in accordance with R.C. 2923.13. We find no error in the court's instruction on the definition of "dangerous ordnance" as that term is an element of the charged offense. The court did improperly instruct the jury on the term "deadly weapon," which is not an element of the charged offense. However, the defendant has demonstrated no prejudice resulting from this surplusage.

Riggins further objects to the trial court's charge that carrying a concealed weapon constituted an offense of violence because it involves a risk of physical harm. As we have noted in our discussion of the seventh assignment of error, this is a correct statement of the law.

Finally, Riggins argues that the trial court erred in refusing to define the terms "acquiring, having or carrying" a firearm or dangerous ordnance within the meaning of R.C. 2923.13. As the trial court explained, these are terms of common usage which need not be defined for the jury. Accord State v. Thomas (June 9, 1977), Cuyahoga App. No. 36574, unreported, at 14. The court provided the standard instruction on having a weapon while under disability in accordance with 4 Ohio Jury Instructions (1981) 345-346, Section 523.13.

Appellant's assignment of error is not well-taken.

In his tenth assignment of error, Riggins contends that the trial court's application of the enhanced punishment provision of R.C. 2929.71, in addition to his sentence under R.C. 2923.13, subjects him to multiple punishments.

This issue was addressed and rejected by the Tenth District Court of Appeals in State v. Broadus (1984), 14 Ohio App. 3d 443, 14 OBR 563, 472 N.E. 2d 50. The Broadus court ruled:

" * * * R.C. 2929.71(A)(2) provides that a term of three years' actual incarceration shall be imposed in addition to any other indefinite sentence imposed where '[t]he offender is also convicted of * * * a specification charging him with having a firearm on or about his person or under his control while committing the felony.' There is an exception made for violations of R.C. 2923.12, but not R.C. 2923.13. Clearly, R.C. 2929.71 applies, and R.C. 2941.25 does not apply, inasmuch as only enhanced punishment is involved, not conviction of a separate crime involving identical conduct. The legislative scheme has not been to make it a separate crime to commit a felony while having a firearm on or about one's person but, rather, to enhance the punishment when that occurs, although requiring a factual determi-

nation that the person guilty of the felony did, in fact, have a firearm on or about his person at the time." *Id.* at 445, 14 OBR at 564, 472 N.E. 2d at 51-52.

We adopt this reasoning. Accordingly, the defendant's tenth assignment of error is not well-taken.

In his eleventh assignment of error, Riggins argues that application of the firearm penalty enhancing statute to a conviction of having a weapon while under disability (R.C. 2923.13) but not to a conviction for carrying a concealed weapon (R.C. 2923.12) violates his constitutional right to due process and equal protection. Similarly, he argues that these same rights are violated by imposition of an indeterminate sentence upon the factfinder's determination that the offender has been previously convicted of a violent offense (R.C. 2941.143) when other third and fourth degree felonies are subject to a definite sentence.

R.C. 2923.12 and R.C. 2923.13 are separate and distinct offenses. The latter applies only to individuals who have been previously convicted of or are under indictment for certain felonies. The legislature acted reasonably when it chose to impose additional punishment upon repeat offenders. Further, we find nothing vague about the statute. See *Spencer* v. *Texas* (1967), 385 U.S. 554, 40 O.O. 2d 438; *State* v. *Gordon, supra.*

The defendant's eleventh assignment of error is not well-taken.

In his twelfth assignment of error, the defendant argues that the trial court abused its discretion in imposing the maximum sentence without first considering the factors set forth in R.C. 2929.12.

While a trial court's sentencing discretion is broad, the record must indicate that the court considered the mandatory statutory criteria. A failure to weigh these factors constitutes an abuse of discretion. *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, 77, 21 O.O. 3d 371, 379, 425 N.E. 2d 409, 418; *State* v. *Gwin* (Mar. 8, 1984), Cuyahoga App. No. 47135, unreported. However, a record that is silent as to whether the trial court considered the statutory factors does not necessarily constitute an abuse of discretion. *State* v. *Cole* (1982), 8 Ohio App. 3d 416, 418, 8 OBR 539, 541, 457 N.E. 2d 873, 875.

The following criteria listed in R.C. 2929.12 are pertinent to the instant case: the offender's prior criminal history; victim impact; and the nature and circumstances of the offense. The court was aware of defendant's prior offenses, since those were facts to be proven in order to convict defendant on the charged offenses; no victim was involved; and the offense involved a risk of serious physical harm. Based upon these factors, we hold that the trial judge's action in sentencing defendant should not be considered an abuse of discretion.

The defendant's twelfth assignment of error is not well-taken.

In his thirteenth assignment of error Riggins contends that the trial court erred in sentencing him to an indefinite term of imprisonment. Defendant's prior conviction for a crime of violence denies him any entitlement to a definite sentence pursuant to R.C. 2941.143. The language of the indictment is sufficient to support the indefinite term imposed upon him within the meaning of R.C. 2941.143 and R.C. 2929.11(B) and (G).

The defendant's final assignment of error is not well-taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, C.J., and NAHRA, J., concur.

## Appendix
### The assignments of error are:

### I

"The court committed prejudicial error in not granting the motion of the defendant to suppress evidence."

### II

"The defendant was denied due process of law when the court would not permit the prior inconsistent testimony of patrolman Michael White to be read to the jury.

"(A) The refusal to allow this evidence was contrary to the Ohio Rules of Evidence.

"(B) The refusal to allow this evidence denied to the defendant his right to present a defense."

### III

"The court committed prejudicial error in granting a motion *in limine* precluding the defense from bringing before the jury the statement of the co-defendant, Douglas Pace."

### IV

"The defendant was denied a fair trial by reason of the actions of the trial judge."

### V

"The defendant was denied due process of law when the court allowed the jury to consider the prior conviction enhancing specification when the defendant had opted to have this matter considered by the court."

### VI

"The defendant was denied due process of law and equal protection of the law under the weapons disability indictment which provides an inherently unfair procedure."

### VII

"The court committed prejudicial error in not dismissing this case as the evidence showed that the defendant was not previously convicted of a felony of violence, carrying a concealed weapon."

### VIII

"The defendant was denied a fair trial by reason of improper argument by the prosecuting attorney and improper cross-examination of the defendant."

### IX

"The court committed prejudicial error in defining the issues to the jury and overruling the objections of the defendant to certain portions of the instructions."

### X

"The constitutional rights of the defendant were violated when he was subjected to multiple punishments for a firearm specification which was an element of the underlying charge."

### XI

"The defendant was denied due process of law and equal protection of the law where he could only receive an additional period for a firearm specification if sentenced to an indefinite term of imprisonment."

### XII

"The defendant was denied due process of law when the court immediately sentenced the defendant to the maximum term of imprisonment upon receipt of the verdict of guilty and without a consideration of the factors set forth in Section 2929.12 of the Ohio Revised Code."

### XIII

"The court committed prejudicial error in sentencing the defendant to an indefinite term of imprisonment when the indictment did not allege sufficient allegations to authorize an indefinite sentence."