DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Raymond Williams has appealed from his conviction for felonious assault in the Lorain County Common Pleas Court. This Court affirms.
 I.
Defendant, an inmate at the Grafton Correctional Institution, was indicted for felonious assault as the result of an altercation wherein another inmate (the victim) suffered a fractured jaw. He was also charged with intimidation for alleged acts that took place during the investigation into the fight.
Prior to trial, the State submitted its response to Defendant's request for discovery pursuant to Crim.R. 16. Attached to that response was a copy of a letter purportedly written by Defendant threatening a third inmate, Erwin. Thereafter, Defendant secured court-appointed expert testimony that he did not author the subject letter.
On the morning of trial, the State dismissed the intimidation count. The matter then proceeded to a jury trial on the felonious assault count. On several occasions during trial, Defense counsel attempted to offer into evidence the letter purportedly authored by Defendant. Each time, the trial court refused to admit the letter into evidence.
Furthermore, during Defendant's case, a fourth inmate, Keeba, took the stand and testified on behalf of Defendant. On cross-examination, the State questioned Keeba about his conversation with Trooper Weber and Investigator Young, the two investigating officers. First, the State asked Keeba if he had discussed the incident with them. Keeba admitted that such a conversation occurred. Next, he was asked if he had told Trooper Weber and Investigator Young that Defendant had confessed to him. Keeba flatly denied making any such representations to the officers. The State continued to question Keeba about his statements during that interview. Each time, he denied them. Eventually, defense counsel objected to the questioning and asked to see the statement to which the State was referring, i.e. Trooper Weber's report,[1] if any such report existed. The trial court overruled the objection. Defense counsel did not re-direct Keeba when given an opportunity.
Then, the State called Trooper Weber to the stand as a rebuttal witness. Trooper Weber testified that, during his investigation, Keeba had told him that Defendant had admitted to striking the victim.
After deliberations, the jury returned a verdict of guilty, and Defendant was sentenced accordingly. He has appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court committed [reversible] error by allowing into evidence hearsay statements concerning a confession by [Defendant] told to a third person, which was subsequently told to the State's witness.
For his first assignment of error, Defendant has argued two separate points: (1) that the trial court improperly denied his request to see Trooper Weber's investigative report, in violation of Evid.R. 613(A); and, (2) that the trial court also erred by allowing Trooper Weber to testify about Keeba's comments, in violation of Evid.R. 613(B). In turn, the State has conceded the first argument, but argued that Trooper Weber's testimony fits within Ohio's evidentiary rules because it was offered to impeach Keeba, Defendant was given an opportunity to question Keeba regarding the statements, Keeba was afforded a prior opportunity to explain or deny his comments, and the statements pertained to a fact of consequence in the action.
Evid.R. 613 provides:
 (A) In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel.
 (B) Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 (1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 (2) The subject matter of the statement is one of the following:
 (a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
 (b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), 616(B) or 706;
 (c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence.
This Court begins by noting that the trial court failed to correctly apply Evid.R. 613(A). Trooper Weber's report should have been provided to Defendant's counsel upon request. However, this Court has previously held that such error may be harmless beyond a reasonable doubt. See, e.g.,State v. Lopez (1993), 90 Ohio App.3d 566, 577, citing State v. Bayless
(1976), 48 Ohio St.2d 73. Indeed, in light of the overwhelming evidence presented against Defendant in this case, any error which may have been committed by not strictly following the dictates of Evid.R. 613(A) was harmless beyond a reasonable doubt.
Turning to Defendant's second point, this Court concludes that the admission of Trooper Weber's testimony regarding Defendant's admission to Keeba was permissible. As Evid.R. 613(B) suggests, when extrinsic evidence of a prior inconsistent statement is offered, a proper foundation must be established either on direct or cross-examination of the witness to be impeached, in which: (1) the prior statement is discussed with the witness; (2) the witness is asked whether the statement was made; (3) the witness is afforded the opportunity to admit, deny or explain the statement; and, (4) the opposing party is afforded the opportunity to question the witness concerning the inconsistent statement. See State v. Mack (1995), 73 Ohio St.3d 502,514-515, quoting State v. Theuring (1988), 46 Ohio App.3d 152, 155. "Whether to admit a prior inconsistent statement which is collateral to the issue being tried and pertinent only with respect to the credibility of a witness is a matter within the trial court's discretion." State v.Riggins (1986), 35 Ohio App.3d 1, 3.
In the instant case, Trooper Weber's testimony was offered to directly refute Keeba's testimony, thereby attacking his credibility. During his cross-examination by the State, Keeba was directly asked if he had made the comments in question. Moreover, after that cross-examination, Defendant was given an opportunity to re-examine Keeba regarding his statements. The fact that he declined is not material in this context. Finally, this Court believes the statement's substance went to a fact of consequence to the determination of the action, i.e. the identity of the victim's assailant. As such, the requirements of Evid.R. 613(B)(1) and (2)(a) were satisfied. The trial court did not abuse its discretion by permitting Defendant's confession to Keeba via Trooper Weber into evidence. Defendant's first assignment of error is not well taken.
 Second Assignment of Error The trial court abused its discretion by refusing to allow into evidence a relevant letter allegedly written by Defendant and identified in the State's discovery.
In his second assignment of error, Defendant has argued that the trial court abused its discretion when it repeatedly refused to allow the letter to Inmate Erwin, allegedly written by Defendant, into evidence. Specifically, Defendant has asserted that the letter was relevant to his defense, i.e. that he was wrongfully implicated in the charges of both felonious assault and intimidation. This Court disagrees.
Generally, a trial court's decision to exclude certain evidence from trial shall not be overturned absent a showing that the trial court abused its discretion. State v. Bresson (1990), 51 Ohio St.3d 123, 129. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
In the case at bar, the State included the letter on its discovery list; however, the State did not attempt to introduce the letter because Defendant's charge of intimidation had been dismissed before the trial commenced. When Defendant attempted to offer the letter into evidence, the State objected. After reviewing the record, this Court does not believe that the trial court abused its discretion by excluding the letter. It was not unreasonable for the trial court to conclude that the letter was only relevant to the intimidation charge. As the State aptly noted, the fact that an unknown individual authored this letter to Inmate Erwin does not, without more, make it more or less probable that Defendant struck the victim. Accordingly, Defendant's second assignment of error is without merit.
 III.
Defendant's two assignments of error are overruled. The judgment of trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P.J., CARR, J., CONCUR.
[1] Trooper Weber had memorialized Keeba's comments in his investigative report.