THE STATE OF OHIO, APPELLEE, *v.* BYRD, APPELLANT.

(No. 49267—Decided August 5, 1985.)

*John T. Corrigan,* prosecuting attorney, and *James Madden,* for appellee.

*Kraig, DeWolfe & Pasz* and *David J. Pasz,* for appellant.

PARRINO, P.J. Defendant-appellant, Rodney Byrd, was convicted of aggravated robbery with a gun specification and three specifications of prior offenses.

I

John Trice testified that he was robbed in the early morning hours of June 4, 1984. Trice had gone to visit a friend, Jacqueline Austin, at her East 82 Street home. They went to a bar along with a female tenant of Austin. Trice walked the two women home about 12:30 a.m. He left Austin's house and proceeded to walk home through a field. He heard a man hail him from the edge of the field. The man told him, "Jackie want you." Trice started to walk back to Austin's house, but the man at the edge of the field pulled out a gun and took approximately $48 from him.

Trice did not call police until the next day as he did not have a telephone in his home. He went to Austin's house the next day, and she asked him if he was robbed. When Trice asked why, she responded that the defendant told her that Trice asked to borrow his gun as Trice had been robbed. Austin and Trice walked to the defendant's house which was also on East 82 Street. When Trice saw Byrd, he recognized him as the man who had taken his money. Byrd denied robbing Trice and claimed that he was with his children when the robbery occurred.

Jacqueline Austin testified and corroborated the statements of Trice. She also testified that Byrd called her and offered to return the money to Trice if he would not testify against the defendant.

Paula Haase, a Cleveland policewoman, testified that she and her partner heard an alarm coming from an automo-

bile on East 82 Street on June 6, 1984. They approached the defendant to ask him if he knew anything about it. The defendant ran away. When he was apprehended, defendant was nervous and he gave the police two different names as his own. His mother walked up to them and gave his true name. When the police ran a warrant check on him, they found he was wanted on a domestic violence warrant.

A deputy clerk of court brought in certified journal entries showing the defendant had three previous felony convictions.

The defendant testified on his own behalf. He stated that he had been with two friends, John and Frank Spriggs, at the time the robbery occurred. The Spriggs brothers also testified and confirmed Byrd's alibi.

Detective Catherine McComb testified in rebuttal for the prosecution. She stated that she had had telephone calls with John and Frank Spriggs. They stated that they had been asked to tell the police that Byrd arrived at their house earlier than he had in fact arrived. Byrd's actual arrival time was after the robbery.

Defendant assigns two errors on appeal.

## II

"I. The trial court erred to the prejudice of the defendant in denying defendant's renewed Rule 29 motion of acquittal where reasonable minds could not conclude that the state had proved each and every element of the crime of aggravated robbery beyond a reasonable doubt."

Appellant contends there was insufficient evidence as to whether he was the person who robbed John Trice. Appellant premises his argument on the fact that there was an inconsistency between Trice's trial testimony and his previous police statement. At trial he stated that he had seen Byrd in the neighborhood prior to the robbery. In his police statement Trice stated that he had never seen the person before the robbery.

While it is true that Trice's testimony was somewhat inconsistent on this point, the inconsistencies do not render Trice's testimony unreliable. We find that Trice's testimony, together with that of Jacqueline Austin who stated that Byrd promised to return the money to Trice if he would not be a witness against him, support a conclusion that appellant robbed Trice. Furthermore, appellant's guilty conduct in running from the police, as well as the fact that the Spriggses were asked to lie for him, tend to support Trice's identification of defendant as the robber. In reviewing the record it is apparent that there is sufficient evidence on each element required for proof of aggravated robbery.

The first assignment of error is overruled.

"II. The trial court erred to the prejudice of the defendant in denying defendant's request to determine the existence of prior convictions as per the specifications number 2, 3 and 4 in the indictment at the sentencing hearing."

Appellant contends that it was error for the trial court to allow the jury to hear evidence on the prior aggravated felony convictions set out in specifications two, three and four. An objection was made to the trial court's reading of those specifications to prospective jurors during voir dire. No written or oral motions had been made prior to that time to request the trial judge to determine the guilt on the specifications.

R.C. 2941.142 provides for imposition of a term of actual incarceration where an offender has previously been convicted of an aggravated felony. That statute provides in pertinent part:

"* * *

"A certified copy of the entry of

judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction. *If an indictment, count in an indictment, or information that charges a defendant with an aggravated felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing.*" (Emphasis added.)

It is apparent that a request for the trial judge to determine the existence of a specification must be made before trial.

The record does not indicate that appellant requested a separate hearing before the trial judge on the prior offense specifications. Counsel instead requested that the prior offense specifications be tried by the jury in a separate hearing. R.C. 2941.142 does not provide for such a procedure. The relevant portions of the transcript provide:

"MR. COTNER: Counsel for the Defense objects to the Court's reading to the jury those specifications in the indictment that relates [*sic*] to prior convictions of the Defendant.

"* * *

"MR. COTNER: It is the Defense — it is the contention of the Defense that as to the elements of the crime of aggravated robbery and as to the specification relating to the gun, that the Prosecution must prove those elements beyond a reasonable doubt. It must also prove the allegations and specifications relating to prior offenses beyond a reasonable doubt. *However, it is our contention that those must be separate issues.*

"First of all, if there is a conviction, it must be for the aggravated robbery with a gun, and *then a finding also by the jury beyond a reasonable doubt as to the specifications involving prior convictions.*" (Emphasis added.)

Therefore, the issue of a separate hearing by the trial judge was not properly raised below. Even if the issue was properly raised, however, appellant's arguments would still be without merit.

The request to not try these offenses before the jury was not timely made. Any request capable of determination before trial may be raised before trial by motion. Crim. R. 12(B). Crim. R. 12(C) provides such motions should be made thirty-five days after arraignment or seven days before trial, whichever is earlier. The failure to comply with the time limitations of Crim. R. 12(C) constitutes a waiver of the right to request a separate hearing on the prior offense specification before the trial judge. Crim. R. 12(G); see *State* v. *Wade* (1978), 53 Ohio St. 2d 182 [7 O.O.3d 362].

Accordingly, appellant's second assignment of error is without merit.

### III

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, J., concurs.

JACKSON, J., dissents.

JACKSON, J., dissenting. Respectfully, I dissent from the majority's disposition of the defendant-appellant's second assigned error which denied defendant-appellant's request to determine the existence of prior convictions in his indictment at the sentencing hearing.

Pursuant to R.C. 2941.142, a defendant may request that the trial judge determine the existence of the prior offense specifications at the sentencing hearing rather than by a jury at trial.

The record demonstrates that defense counsel did make such a request prior to trial:

"MR. COTNER: It is the Defense — it is the contention of the Defense that

as to the elements of the crime of aggravated robbery and as to the specification relating to the gun, that the Prosecution must prove those elements beyond a reasonable doubt. It must also prove the allegations and specifications relating to prior offenses beyond a reasonable doubt. *However, it is our contention that those must be separate issues.*" (Emphasis added.)

The majority, however, has determined that:

"The record does not indicate that appellant requested a separate hearing before the trial judge on the prior offense specifications. Counsel instead requested that the prior offense specifications be tried by the jury in a separate hearing. R.C. 2941.142 does not provide for such a procedure."

Although the request did not specifically mention R.C. 2941.142, the record clearly shows that defense counsel sought a determination of appellant's prior convictions *separate* from the trial issues. Because counsel inadvertently stated that the *jury*[1] must determine the existence of the prior offense specification, the majority seizes upon that statement to justify a conclusion that "the issue of a separate hearing by the trial judge was not properly raised below."

I am persuaded that the majority's conclusion elevates form over substance, and represents an unreasonably narrow interpretation of the defendant's "request" pursuant to R.C. 2941.142.

Alternatively, the majority holds that "[t]he request to not try these offenses before the jury was not timely made." In my opinion, however, the clear language of Crim. R. 12 dictates the opposite conclusion.

Appellant's request was made to the court as the indictment was being read during voir dire. Therefore, the request was made prior to trial. Crim. R. 12(B) and (C) provide:

"(B) *Pretrial motions.* Any defense, objection, or request which is capable of determination without the trial of the general issue *may* be raised before trial *by motion.* The following must be raised before trial:

"(1)  Defenses and objections based on defects in the institution of the prosecution;

"(2)  Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);

"(3)  Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only;

"(4)  Requests for discovery under Rule 16;

"(5)  Requests for severance of charges or defendants under Rule 14.

"(C)  *Motion Date.*  All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." (Emphasis added.)

Crim. R. 12(B) provides that a "request" *may* be raised before trial by motion. If the request is made by motion, then Section (C) governing the motion date provisions of Crim. R. 12(C) becomes applicable. Crim. R. 12 also

---

[1] The trial court apparently was not even aware of the existence of R.C. 2941.142. The court erroneously believed that in the absence of a stipulation, the *jury must* decide the issue of prior convictions *at the trial.*

lists five objections which *must* be raised before trial. The request that the trial court determine prior convictions at sentencing is clearly a request that *could* be made by motion, but it is not mandatory that the request be made in the form of a motion.

Consequently, I am persuaded that appellant's request was timely and the trial court committed prejudicial error in denying said request. Accordingly, I would reverse and remand for a new trial.