**The STATE of Ohio, Appellee,**

v.

**FARRIS, Appellant.**

[Cite as *State v. Farris* (1991), 71 Ohio App.3d 817.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58256.

Decided April 8, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *James Valentine,* Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman,* County Public Defender, and *Robert M. Ingersoll,* for appellant.

JOHN F. CORRIGAN, Judge.

Defendant-appellant, Garlan Farris, appeals from his conviction for possession of criminal tools. For the reasons set forth below, appellant's conviction is affirmed.

## I

On January 26, 1989, appellant was indicted for three offenses: attempted grand theft, receiving stolen property, and possession of criminal tools. Each count contained a violence specification. The matter proceeded to a jury trial on May 23, 1989 wherein appellant was found guilty of possession of criminal tools. Appellant was sentenced to a jail term of one and one half to five years for the conviction and was also sentenced to one and one half to five years for a probation violation on a previous case, said sentences to run concurrently. Appellant now appeals his conviction and the sentence imposed by the trial court.

For its case the state presented the testimony of: Dennis Flynn, owner of the car appellant was accused of attempting to steal; Burton Neitzel, holder of a credit card appellant was accused of receiving as stolen; and Officers Robert M. Beck and Steven Stropko of the Cleveland Police Department.

The state's evidence established that on November 20, 1988 Dennis Flynn parked his 1981 Oldsmobile on West St. Clair in "The Flats" area of downtown Cleveland, so that he could attend a Cleveland Browns football game. Flynn testified that when he returned to his automobile after the game, he found a note from the Cleveland Police Department informing him that someone had attempted to steal his automobile. Flynn testified that after speaking with the police department he noticed some cracks on his steering column, and some damage to his passenger's side window molding. Upon cross-examination Flynn testified that both defects could have been part of the automobile when he purchased it used several months earlier. Finally, Flynn testified that he did not leave a coat hanger and screwdriver on the front seat of the

automobile, nor did he give anyone permission to use the automobile while he was attending the Browns game.

Officer Robert Beck of the Cleveland Police Department testified that on November 20, 1988 he was assigned to Spy Glass Detail, a plain clothes unit specializing in deterring and apprehending automobile thieves. Beck stated that he and his partner, Officer Shoulders, observed appellant walking about aimlessly in the warehouse district, which is adjacent to The Flats, and looking into late model General Motors automobiles. Beck observed appellant stopping and looking into Flynn's automobile on St. Clair, and then trying to open each of the four door handles on the automobile. At this point Beck observed appellant removing a screwdriver and coat hanger from under his jacket and using them to enter the passenger side of Flynn's automobile. Beck testified that at that moment he and Shoulders pulled their unmarked police car up to Flynn's car blocking appellant's exit. Finally, Beck stated that appellant was behind the steering wheel of the automobile, bent down toward the left side of the steering column, when he and Shoulders ordered appellant from the automobile.

A screwdriver and coat hanger were recovered from the driver's side seat and floor of Flynn's automobile by Beck after appellant was arrested. Beck testified that the screwdriver had been bent and sharpened, and that these modifications facilitate breaking into an automobile and "peeling" the steering column.

The state's final witness was Officer Steven Stropko, of the Cleveland Police Department, Spy Glass Detail. Stropko testified that he and his partner, Officer Blanc, observed appellant walking through several parking lots in the warehouse district on November 20, 1988. Appellant was looking into many of the automobiles as he walked through these lots and along the streets. Stropko was in radio contact with Beck and each advised the other of appellant's movements. Stropko then observed appellant near Flynn's automobile, and watched as appellant used a screwdriver to gain access to it.

Appellant testified on his own behalf. He stated that he and his fiancee argued on the morning of November 20, 1988, and that he was merely wandering about aimlessly when he was approached by the police for "looking at cars too hard." Appellant denied looking at cars at all, denied that he ever approached Flynn's automobile, and denied ever possessing or even seeing the screwdriver and coat hanger. Appellant claims he was arrested for no reason whatsoever. Appellant's entire defense consisted of the allegation that the police were mistaken and were testifying against him in order to save their jobs and make a bad arrest look good.

Appellant admitted upon direct examination that he had prior convictions for manslaughter and drug trafficking.

## II

■ For his first assignment of error appellant argues that the sentence he received does not comport with the guidelines of R.C. 2929.11.

In Count III of the indictment against appellant, the count he was found to be guilty under, it was stated that:

" * * * The above named defendant [Garlan Farris], on or about the date of the offense set forth above [November 20, 1988], in the County of Cuyahoga, unlawfully and purposefully possessed or had under his control a substance, device, instrument or article with purpose to use it criminally, to wit: screwdriver and wire, SPECIFICATION ONE: (violence) the Grand Jurors further find and specify that the offender has previously been convicted of an offense of violence, to wit: the said Garlan Farris, with counsel, on or about the 21st day of July, 1982 in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR–170250 having been convicted of the crime of voluntary manslaughter in violation of ORC 2903.03. * * *"

Possession of criminal tools is a felony of the fourth degree. R.C. 2923.24. Pursuant to R.C. 2929.11(B)(7) the term of imprisonment for a felony of the fourth degree with a violence specification shall be a minimum of eighteen months to a maximum of five years. The violence specification in an indictment enhances the sentence a defendant can receive according to R.C. 2941.143 wherein it is stated that:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, *or that the offender has previously been convicted of or pleaded guilty to an offense of violence.* Such a specification shall be stated at the end of the body of the indictment, count, or information * * *." (Emphasis added.)

Where an indictment charges a defendant with a third or fourth degree felony and contains a violence specification, "the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing." R.C. 2941.143.

The appellant contends that no *formal* request was made to the judge, asking that he "determine the existence of the specification at the sentencing

hearing." The state contends, however, that an implicit request was made, one that does not appear on the trial record.

On direct examination Garlan Farris admitted that he was found guilty of the crime that created the violence specification. Without further review of the trial transcript and looking only at the verdict returned, it is clear from the jury verdict that appellant was found guilty of the violence specification. The verdict returned by the jury clearly states that:

"We, the jury in this case being duly impaneled and sworn, do find the defendant, Garlan Farris, guilty of possession of criminal tools in violation of R.C. 2923.24, *as charged in count three of the indictment.* * * *" (Emphasis added.)

As outlined above, the indictment clearly set forth the allegations of the violence specification that appellant was charged with. Appellant's admission made further proof of the former conviction unnecessary, therefore, the jury's verdict finding appellant guilty, "AS CHARGED," needs no further determination.

Focusing our attention on the issues presented in the parties' briefs, we find that the appellee's position has merit. Appellee argues that the violence specification was implicitly heard and determined by the trial judge. R.C. 2941.143 requires that a judge determine the existence of a specification when a request is made that he do so. Although no formal request appears on the face of the trial record, one can be inferred by the way appellant conducted his case. Appellant did not contest the specification, in fact, he admitted it during direct testimony. The specification issue was never argued before the jury, not even during closing argument. Near the close of appellant's direct testimony he admitted his prior conviction.

The cases relied on by appellant for his assertion that no determination was made are not on point with the issue in this case. *State v. Riggins* (1986), 35 Ohio App.3d 1, 519 N.E.2d 397, upon which appellant relies, holds only that R.C. 2941.143 grants a defendant an option to have a specification litigated before a trial judge, instead of the jury. This holding is clear from the very face of the statute, however, it does not address the issue in the case *sub judice* where no formal request has been made, but a defendant has admitted to the conviction which forms the basis of the specification. Further, *State v. Byrd* (1985), 26 Ohio App.3d 91, 26 OBR 266, 498 N.E.2d 217, holds only that a defendant waives his *right* to a bifurcated hearing, by failing to timely request such a bifurcation. The *Byrd* case does not preclude a judge making a determination where a defendant has admitted the conviction which formed the basis of the specification.

For these reasons we find that appellant's first assignment of error is not well taken.

### III

For his second assignment of error appellant argues that his conviction was against the manifest weight of the evidence.

■ The primary task of weighing the evidence and judging the credibility of witnesses is left to the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Thus, a reviewing court will reverse on the weight of the evidence only in an exceptional case. *State v. Woods* (1985), 25 Ohio App.3d 35, 38, 25 OBR 108, 112, 495 N.E.2d 465, 468. A reviewing court will not reverse where there is substantial, competent and credible evidence supporting the conclusion beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

■ In the case *sub judice*, appellant's primary contention is that he was telling the truth, and that the police who testified against him were lying in order to save their careers. Appellant has brought forth no evidence to substantiate his claim against the police officers. While appellant cites *State v. Jacobozzi* (1983), 6 Ohio St.3d 59, 6 OBR 103, 451 N.E.2d 744, for the proposition that there is a reasonable doubt where there are two opposite yet reasonable explanations of circumstantial evidence, he does not demonstrate that his own explanation of the events of November 20, 1988 was reasonable.

Both Officers Beck and Stropko, although traveling in separate vehicles, observed appellant's conduct over the course of several minutes and found it to be suspicious. While appellant was walking west on St. Clair hill the officers set up observation points at opposite ends of the street. These officers, along with their partners, observed appellant through binoculars as he broke into Flynn's automobile with an adapted screwdriver and coat hanger. Beck found these items in Flynn's automobile after appellant was arrested.

Appellant does not offer any explanation for these events, except to deny that they transpired. Appellant has not given this court any ground upon which to overrule the jury verdict.

For these reasons we find appellant's second assignment of error not well taken.

*Judgment affirmed.*

DYKE, P.J., and BLACKMON, J., concur.