## CARRAN v. SOLINE OIL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8791.  Decided Oct. 8, 1928

Schaefer & Lawrence, Cleveland, for Carran.

Bloomberg & Wolf, Cleveland, for Soline Oil Co.

## SULLIVAN, J.

We cannot review the evidence because it is not here in any form, by bill of exceptions or otherwise. Hence it is impossible to determine whether the court below was guilty of abuse of sound discretion, for that could only be determined with the evidence upon which it acted before us. There is however a more important defect than this, which is apparent from the record. Upon a motion or petition to vacate a judgment, during the term or after the term, its essential foundation is some ground enumerated in the statue and thereupon it becomes the duty of the court, first, to hear and determine the question as to whether the statutory ground for motion exists.

Under the decision by McIlvaine, C. J., in **Watson et al vs Paine, 25 O. S. 340,** the court has not ended its duty by hearing and determining whether the motion is supported by a ground enumerated in the statue. If it is found that a legal ground exists, to suspend or vacate the judgment, then it becomes the next duty of the court to hear and determine the question as to whether there is a valid defense and this may be determined by proper pleadings and by evidence of a competent nature which sheds legal light upon this issue. If the proceedings to vacate are by motion, an answer to the original petition should be tendered or filed so that it would become a document in the hands of the court assisting in the determination as to whether there was a valid defense. If the proceeding is by petition, and the matters of defense are set forth in such a way as to become issuable, then it might be that the question could be decided by reply or demurrer but in any event the issues when made up should be tried as in other cases.

**Ralston et al vs Wells, 49 O. S. 298; Follett vs Alexander et al, 58 O. S. 202.**

In an opinion rendered by this court of Appeals, Feb. 4, 1913 Niman, J., these principles annunciated here were affirmed by the Supreme Court of Ohio in the 37 **O. S.** 518.

Vickery and Levine JJ., concur.