OPINION
{¶ 1} Defendant-appellant Mark Baughman [hereinafter appellant] appeals his conviction and sentence in the Richland County Court of Common Pleas on two counts of retaliation, in violation of R.C. 2921.05(A).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 5, 2001, appellant was indicted on three counts of retaliation, in violation of R.C. 2921.05(A). The charges arose while appellant was serving an indeterminate sentence of five to ten years in prison imposed by Judge Ruth Ann Franks of the Lucas County Court of Common Pleas. While serving that prison sentence, appellant wrote letters to Judge Franks (Count I), his prior defense counsel, Attorney Peter Rost (Count II) and a member of the Ohio Parole Board, Jim Bedra (Count III).
 {¶ 3} A jury trial was conducted August 16, 2001, through August 17, 2001. On August 17, 2001, the jury returned a verdict of guilty on two counts of retaliation, based upon the letters to Judge Franks and Attorney Rost, and not guilty on the third count of retaliation, regarding the letters to Mr. Bedra. On August 22, 2001, the trial court sentenced appellant to four years in prison on each count, to be served consecutively.
 {¶ 4} It is from that conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. IT WAS PLAIN ERROR FOR A TRIAL COURT TO NOT GRANT A NEW TRIAL ON THE BASIS OF APPELLANT'S REPRESENTATIONS THAT HE HAD NOT BEEN PERMITTED TO PARTICIPATE IN THE PREPARATION OF HIS DEFENSE.
 {¶ 6} "II. IT WAS PLAIN ERROR FOR THE TRIAL COURT TO FAIL TO INSTRUCT THE JURY ON THE TERM "THREAT."
 {¶ 7} "III. DEFENDANT WAS DENIED DUE PROCESS THROUGH INCOMPETENCE OF COUNSEL WHEN COUNSEL FAILED TO ASK FOR A NEW TRIAL BASED ON THE UNAVAILABILITY OF APPELLANT'S TRIAL MATERIAL.
 {¶ 8} "IV. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO ASK FOR A JURY INSTRUCTION REGARDING THE DEFINITION OF "THREAT."
 {¶ 9} "V. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 10} In the first assignment of error, appellant argues that it was plain error for the trial court to not have granted appellant a new trial, sua sponte, when appellant informed the trial court that he was not permitted to bring with him to trial materials he had prepared to aid in his own defense. Appellant contends that he was thereby denied the opportunity to participate in the preparation of his own defense. We disagree.
 {¶ 11} Appellant correctly asserts that the plain error standard of review is applicable. Ordinarily, errors which arise during the course of a trial and which are not brought to the attention of the court may not be raised on appeal. Stores Realty Co. v. City of Cleveland (1975),41 Ohio St.2d 41, 322 N.E.2d 629. See also, Atwood v. Leigh (1994),98 Ohio App.3d 293, 624 N.E.2d 259. Crim.R. 52(B) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 12} Since appellant's counsel failed to move for a new trial, only plain errors or defects affecting substantial rights may be noticed. Crim.R. 52(B). Under a plain error analysis, "[t]he appellate court must examine the error asserted by the defendant-appellant in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred." State v. Slagle (1992), 65 Ohio St.3d 597, 605, 605 N.E.2d 916. Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See, State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804; State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452.
 {¶ 13} Appellant has not shown how the record supports a showing of prejudice. Our review is limited to the record before this court. The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77,50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. The materials appellant sought to have and use at trial are not contained in the record. Therefore, we cannot review them to determine whether appellant was prejudiced. Further, we note that appellant does not even present an argument that demonstrates how the materials would have affected his defense and the outcome of the trial. There has been no showing that the outcome of the trial would have been different had appellant been able to bring his materials with him to trial. We find no plain error.
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} In the second assignment of error, appellant contends that it was plain error for the trial court to fail to define or explain the term "threat" in the jury instructions. We disagree.
 {¶ 16} Appellant's counsel raised no objection to the jury instructions concerning the term "threat." Therefore, our standard of review is plain error. As noted in assignment of error I, "to rise to the level of plain error, it must appear on the face of the record not only that an error was committed, but except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice." State v. Bock (1994), 16 Ohio App.3d 146, 474 N.E.2d 1228.
 {¶ 17} "Words of ordinary or common usage need not be defined for the jury." State v. Riggins (1986), 35 Ohio App.3d 1, 8, 519 N.E.2d 397. The term "threat" is an ordinary and common word which is readily understandable. The term "threat" needs no further definition. We find no plain error in the trial court's failure to define or explain the term "threat."
 {¶ 18} Appellant's second assignment of error is overruled.
 III {¶ 19} In the third assignment of error, appellant argues that his trial counsel was ineffective when counsel failed to move for a new trial when appellant was not able to bring his trial preparation material to court. We disagree.
 {¶ 20} The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143 (citing Strickland, 466 U.S. at 697.) We note that a properly licensed attorney is presumed competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164; State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102,714 N.E.2d 905
 {¶ 21} As found in assignment of error I, appellant has failed to demonstrate prejudice as a result of his inability to have his trial materials with him at trial. Likewise, appellant has failed to show prejudice by counsel's inaction in regards to those materials. Therefore, we dispose of this case under the second prong of the analysis for lack of a showing of actual prejudice.
 {¶ 22} Appellant's third assignment of error is overruled.
 IV {¶ 23} In the fourth assignment of error, appellant argues that his trial counsel was ineffective when counsel failed to ask that the trial court provide a definition of the term "threat" in the jury instructions. We disagree.
 {¶ 24} As stated in assignment of error III, the standard of review for a claim of ineffective assistance of counsel involves a two-pronged test. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. In assignment of error II, this court found that there was no need for the trial court to give an instruction on the meaning of the term "threat." The term has an ordinary and common meaning. Therefore, since it was not error for the trial court to not provide a definition of the term to the jury, we find that trial counsel's failure to request such an instruction did not fall below an objective standard of reasonable representation or violate counsel's duties to his client.
 {¶ 25} Appellant's fourth assignment of error is overruled.
 V {¶ 26} In the fifth assignment of error, appellant argues that the verdict was against the manifest weight of the evidence. Appellant contends that the letters did not rise to "unlawful threats of harm." Appellant argues that the letters were only diffuse threats, mere expressions of ill-will and wishes for misfortune. We disagree.
 {¶ 27} In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717); see, also, State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 28} Appellant was convicted of two counts of Retaliation, in violation of R.C. 2921.05(A). Revised Code 2921.05(A) states the following: "No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness."
 {¶ 29} Appellant admitted that he wrote and mailed the letters in question to Judge Ruth Ann Franks, who previously imposed a sentence on appellant, and Peter Rost, appellant's former defense attorney. The letters were admitted into evidence and were thereby available for the jury's review. The following is a sample of the threats made by appellant in those letters:
 {¶ 30} To Judge Franks:
 {¶ 31} "In regards to your cease and desist order of nearly a year ago I say the following. What? Cease and desist? . . . Fuck you, . . . Your corrupt bitch!!! [T]he only thing that needs to cease and desist is your corruptions and ability to breathe, along with many other bitches of this good-for-nothing country's government, you slut. My case is far from being over. It merely has begun. My turn is coming. You did nothing more than throw fuel in an already raging inferno. So suck my dick, you tramp, and it ain't over till I take my turn. Watch how I respond, . . . DEADLY SERIOUS PRISONER . . . 267129."
 {¶ 32} To Peter Rost (addressed to his wife at their marital address):[1]
 {¶ 33} "If I could ever ruin his career, especially legally, I have every intention of doing so. You really need to think of this so-called man professional that you lay next to and his ruthless actions, before some criminal with a thirst for revenge makes you or your children pay for his wrongs. He's forgetting about you and them. With today's violent society don't think for one moment it can't or will never happen. Due to your husband's intentional ruthlessness, look at the OJ Simpson and Goldman. In the meantime I wish for your husband all the miss, or bad luck, misfortune which a life can hold."
 {¶ 34} To Peter Rost (2 letters were sent to Rost in the same envelope):[2]
 {¶ 35} Letter One:
 {¶ 36} ". . . As you can see, nothing has changed and it's not gonna, either. I don't forget. Sure, I realize that you like most attorneys, especially public defenders and appointeds, along with the system of justice, screw over a whole bunch of people and they don't do nothing about it, but I ain't one of them. The system has taught me very well in that when you do wrong you must be punished and pay. You and I, as well as others, know that you and a few others did me wrong. You and you fraudulent representation, lies and ways got me ten years, but now that's turned into less then four, and like I said before, you and I are going to discuss what you did to me. By now you should surely realize that I don't care who you show my letters to or to who you send copies of them to, including the parole board. Fuck them and you. Be assured I still wish death upon you and yours, Any way that will make you suffer will be just fine with me. You get the message, I'm sure. So until this matter can be resolved in a much more direct way I'd just like to again say fuck you, bitch, death to America and all its pigs. It's too bad this couldn't have been a letter bomb, you know you deserve it, bitch.
 {¶ 37} Letter Two:
 {¶ 38} "I just had to write you, you fat cum-swallowing bitch, you, to wish you a hopefully very tragic holiday season. Every day I wish on you an extremely violent, slow and torturous death. You're still a maggot, you fat dick sucker. If you were here I'd fuck you in your fat ass because you're a true bitch. Die, you bitch, death to you. By the way, I've got over half my sentence done. Ten years ain't forever. It ain't over, so suck my dick, you bitch, and fuck you. I hope you die this Christmas."
 {¶ 39} Appellant admitted that he sent these letters. On cross examination, appellant further admitted that he understood how his letters could have been perceived as threatening. Judge Franks and Attorney Rost both testified that they felt threatened when they read the letters.
 {¶ 40} The jury had the letters before them and could judge for themselves whether they constituted a threat. Upon this court's review of the content of the letters, we cannot say that the jury's conclusions that appellant's letters constituted threats to Judge Franks and Attorney Rost were against the manifest weight of the evidence. We cannot say that the jury lost its way and created a manifest miscarriage of justice.
 {¶ 41} Appellant's fifth assignment of error is overruled.
 {¶ 42} The judgment of the Richland County Court of Common Pleas is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] Although addressed to Attorney Rost's wife, Attorney Rost received this letter at their marital address. The letter was postmarked December 23, 1996.
[2] One of the letters was dated November, 1997, and the other was dated November, 1998. The letters were received in 1998.